Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 CV 4052 | **DATE** | November 27, 2012 |
| **CASE TITLE** | *Luis Herrera v. Gale Landers,* et al. | | |

**DOCKET ENTRY TEXT**

The defendants' motion to dismiss [23] is granted as follows: Count I is dismissed with prejudice; the court declines to exercise jurisdiction over the remaining state law claims and so Counts II - V are dismissed without prejudice to being refiled in state court. The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

## STATEMENT

Plaintiff Luis Herrera is a member of the Fitness Formula chain of fitness clubs. Herrera filed a putative class action complaint against its owner, Gale Landers, as well as the various corporate entities that make up the club, alleging that they charged Herrera in excess of the parties' agreement in violation of the Electronic Fund Transfers Act (Count I), *see* 15 U.S.C. § 1693 *et seq.*, the Illinois Physical Fitness Services Act (Count II), *see* 815 Ill. Comp. Stat. 645/1 *et seq.*, and the Illinois Consumer Fraud Act (Count III), *see* 815 Ill. Comp. Stat. 505/1 *et seq.* He also alleges claims of breach of contract (Count IV) and conversion (Count V). The defendants responded with a motion to dismiss the complaint for failure to state a claim. For the reasons that follow, the motion to dismiss Count I is granted, and the court declines to exercise jurisdiction over the remaining state law claims.

## BACKGROUND

The following facts are taken from the allegations of the complaint and deemed to be true for purposes of resolving the motion to dismiss. In March 2007, Luis Herrera enrolled in a membership at the Fitness Formula Club in Oak Park, Illinois. As part of the enrollment process, he signed a Membership Agreement committing to a minimum 12-month membership at a rate of $59.95 a month. Under the terms of the Membership Agreement, Herrera agreed to "pay all charges through EFT [Electronic Funds Transfer]" and authorized his bank to make EFT payments to Fitness Formula. Membership Agreement (attached to Complaint [1-1] as Exhibit A) at 1 and ¶ 5. The Membership Agreement also provides that Fitness Formula "reserves the absolute right to increase your dues." *Id.* ¶ 5.

After the initial 12-month period, the "membership may be terminated at any time with 60 days written notice by certified or registered mail and the return of your membership card(s)." *Id.* Ex. A at 1. However, elsewhere the Membership Agreement provides that in the case of "[m]onth-to-month memberships . . . [m]ember must provide the Club with (45) forty five days written notice prior to the last

day of using the Club and must return membership card(s)." *Id.* ¶ 9.

Herrera fulfilled his minimum 12-month term and for years continued his membership at the monthly rate of $59.95. Then in a letter dated December 28, 2011, Fitness Formula wrote to Herrera to advise him that in "March 2012 your monthly membership dues payment will be $114.95. **Please note this increase is only for March 2012**. . . . Effective April 2012 your monthly membership dues payment will return to $59.95." Complaint [1-1], Exhibit B. During the first week of March 2012, Fitness Formula debited Herrera's account in the amount of $114.95.

Herrera then filed the instant suit. In his complaint, which he brings individually and on behalf of several putative classes, he alleges five counts. In Count I, he alleges that the single-month dues increase violated the Electronic Funds Transfer Act, because it exceeded the electronic fund transfers he had preauthorized. *See* 15 U.S.C. § 1963e. In Count II, he alleges that the defendants violated the Illinois Physical Fitness Services Act by assessing charges beyond those specified in his Membership Agreement. *See* 815 Ill. Comp. Stat. 645/9(c), 10(a). In Count III, he alleges that the defendants violated the Illinois Consumer Fraud Act by giving insufficient notice in advance of the dues increase and by knowingly violating the Illinois Physical Fitness Services Act. *See* 815 Ill. Comp. Stat. 505/2, 2Z. In Count IV, he alleges the defendants breached the Membership Agreement. Finally, in Count V he alleges a claim of conversion.

The defendants have filed a motion to dismiss the complaint in its entirety for failure to state a claim. Specifically, the defendants contend that the Membership Agreement explicitly allowed them to raise monthly dues after the expiration of the initial 12-month membership term and, therefore, the increase was authorized and did not violate any federal or state law, or constitute a breach of contract or conversion. Meanwhile, Herrera filed a motion to strike a portion of the defendants' reply memorandum, although the court denied the motion and will instead construe the arguments in it as a sur-response, to which the defendants have filed a sur-reply.

## ANALYSIS

**I.  MOTION TO DISMISS [23-1]**

    **A.  Standard of Review**

A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Seventh Circuit explained that this "[r]ule reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (internal quotations omitted).

However, a complaint must contain "enough facts to state a claim to relief that is plausible on its face" and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007). In *Ashcroft v. Iqbal,* the Supreme Court stated that a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

    **B.  Electronic Funds Transfer Act (Count I)**

In this count, Herrera alleges that the March 2012 debit of $114.95 violated the Electronic Funds Transfer Act because it exceeded the regularly recurring monthly dues charge of $59.95 specified in the Membership Agreement, for which he had provided written authorization. The Electronic Funds Transfer Act permits preauthorized electronic transfers, defined as "an electronic fund transfer authorized in advance to recur at substantially regular intervals." 15 U.S.C. § 1693(a). Authorization to debit a consumer's account must be obtained from the consumer in writing. 15 U.S.C. § 1693(a). In the case of transfers that vary in amount, "the financial institution or designated payee shall, prior to each transfer, provide reasonable advance notice to the consumer, in accordance with regulations of the Board [of Governors of the Federal Reserve System], of the amount to be transferred and the scheduled date of transfer." *Id.* § 1693e(b). Reasonable advance notice is "written notice of the amount and date of the transfer at least 10 days before the scheduled date of transfer." 12 C.F.R. § 205.10(d)(1).

The defendants contend that they did not run afoul of the Electronic Funds Transfer Act because in the Membership Agreement, Herrera provided written authorization for electronic funds withdrawals, and because the terms of the Agreement allowed Fitness Formula "the absolute right to increase [member] dues" after the initial 12-month membership term. Membership Agreement (attached to Complaint [1-1] as Exhibit A) ¶ 5. Because the 12-month initial membership term had already passed, and because the Membership Agreement gave Fitness Formula the right to increase member dues after that initial term, the defendants argue that the March 2012 debit in the amount of $114.95 was a preauthorized electronic fund transfer.

In response, Herrera argues that the additional $55 debited from his account in March 2012 was a one-time fee that "fell outside of the regularly recurring monthly dues," and therefore was not preauthorized. Response [30-1] at 4. He contends that the defendants cannot recharacterize the one-time fee by simply calling it a temporary membership dues increase. *See* Response [30-1] at 5 ("But if it looks like a one-time charge, and operates like a one-time charge, then it is a one-time charge regardless of the nomenclature Defendants gave it.").

He further contends that the present case is governed by *Wendorf v. Landers*, 755 F. Supp. 2d 972 (N.D. Ill. 2010), a class action against the same defendants. *Wendorf* involved a one-time electronic funds transfer of $60 in January 2010 that Fitness Formula debited in addition to monthly dues. *Id.* at 976. Prior to assessing the $60 charge, in December 2009 the defendants sent members a letter advising that "'[i]n lieu of a change in monthly dues, there will be a nominal one-time charge" of $60 added to the January monthly dues." *Id.* at 975. The court found that the one-time charge was not a preauthorized dues increase under the Membership Agreement because the December 2009 "explicitly stated the charge was not a dues increase." *Id.* at 976. Accordingly, the court found that the plaintiffs had stated a claim of a transfer that fell outside the scope of the plaintiffs' preauthorization in violation of the Electronic Funds Transfer Act, and denied the defendants' motion to dismiss the claim brought under the Act. *Id.* at 977.

The December 2011 notification letter at issue in this case stands in sharp contrast to the December 2009 notification letter at issue in *Wendorf*. While the letter in *Wendorf* stated explicitly that the $60 charge was not a dues increase, the December 2011 letter at issue in this case stated explicitly that it was "a modest increase in your dues for March 2012." Letter dated December 28, 2011 (Complaint [1-1] Exhibit B). The basis for the court's decision in *Wendorf* was that the notification letter explicitly stated that the $60 charge was not a dues increase—the decision did not hold that the charge was not a dues increase as a matter of law or of contract interpretation. Here, the notification letter did not explicitly characterize the dues increase. Therefore, *Wendorf* does not govern how the increase at issue here should be characterized.

Alternatively, Herrera argues that the March 2012 charge cannot be construed to be a preauthorized

| STATEMENT |
|---|

electronic funds transfer because under the Electronic Funds Transfer Act, only those transfers scheduled to occur "at substantially regular intervals" are authorized. *See* 15 U.S.C. § 1693a(9). Herrera contends that because the March 2012 electronic transfer exceeded the $59.95 amount regularly withdrawn as membership dues, it violated § 1693a(9). However, § 1693a(9) requires only that the intervals at which transfers are scheduled be regular, it does not require that the amounts transferred be regular. In fact, § 1693e(b) provides that the amounts transferred may vary as long as "the financial institution or designated payee shall, prior to each transfer, provide reasonable advance notice to the consumer, in accordance with regulations of the Board, of the amount to be transferred and the scheduled date of the transfer." As discussed above, the regulations of the Board provide that ten days' advance notice is reasonable. *See* 12 C.F.R. § 205.10(d)(1).

Fitness Formula's notification about the March 2012 dues increase is dated December 28, 2011. Although Hererra has not alleged the precise date on which he received the letter, he has not plausibly suggested that he received it less than ten days before the dues increase was debited in March 2012. As a result, he has not plausibly suggested that the defendants failed to provide the required ten days notice under 15 U.S.C. § 1693e(b) and 12 C.F.R. § 205.10(d)(1). Herrera contends that he was entitled to 60 days' advance notice of any dues increase because the Membership Agreement required him to provide 60 days' written notice to terminate his membership in order to avoid the dues increase. As noted above, the Membership Agreement contains seemingly conflicting terms on the notice required to terminate a membership, with one provision requiring 60 days' notice while another provision appears to require only 45 days' notice. However, even assuming that Herrera received the December 28, 2011, too late to provide the 45 or 60 days' notice required to terminate, his claim would be one for breach of the terms of the Membership Agreement, not for a violation of the Electronic Funds Transfer Act, which requires only 10 days' notice before effecting an electronic funds transfer.

Herrera has offered no other basis for concluding that the March 2012 increase was anything other than a temporary membership dues increase authorized by the Membership Agreement. Because the parties agreed that membership dues could be raised after the expiration of the initial 12-month membership term, and because the March 2012 dues increase occurred long after that 12-month term had expired, Herrera has not plausibly suggested that the March 2012 debit was not a preauthorized electronic funds transfer or that it violated the Electronic Funds Transfer Act.

For that reason, the defendants' motion to dismiss Count I is granted, and Count I is dismissed with prejudice.

  **C.**  **Illinois Physical Fitness Services Act (Count II)**
     **Illinois Consumer Fraud Act (Count III)**
     **Breach of Contract (Count IV)**
     **Conversion (Count V)**

Because jurisdiction was allegedly solely based upon the existence of a federal question, and because that federal question has now been dismissed with prejudice, the court declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses those claims without prejudice to realleging them in state court. *See Doe-2 v. McLean County Unit Dist. No. 5 Board of Directors*, 593 F.3d 507, 513 (7th Cir. 2010) ("[W]hen a district court dismissed the federal claim conferring original jurisdiction . . . it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)(3).").

The court expresses no opinion on the viability or likely success of those state law claims.

**STATEMENT**

**II. MOTION TO STRIKE**

In a motion to strike that the court construed as a sur-response, *see* Docket Entry #35, Herrera asks the court to disregard that portion of the defendants' reply brief in which the defendants discuss arguments made by plaintiff's counsel John Robel during his representation of two of the plaintiffs in the *Wendorf* litigation. According to the defendants, in *Wendorf*, Robel urged the court to accept Fitness Formula's characterization of the one-time increase (which it characterized as not being an increase to membership dues). The defendants contend that Robel should not now be allowed to argue that the court should disregard Fitness Formula's characterization of the increase at issue here (which it characterized as an increase to membership dues).

Whether Robel did, or should be allowed to, change the position he took in *Wendorf* did not factor into this court's determination that Herrera failed to state a claim under the Electronic Funds Transfer Act. Accordingly, the request to disregard that portion of the reply brief is unnecessary.

**CONCLUSION**

For the reasons given, the court grants the motion to dismiss as follows: Count I is dismissed with prejudice; the court declines to exercise jurisdiction over the remaining state law claims and so Counts II - V are dismissed without prejudice to being refiled in state court.

rs/cpb